1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LUKE FENTON,                                    Case No.  1:16-cv-01318-BAM

12                    Plaintiff,                      **ORDER REGARDING DEFENDANT'S**
                                                      **MOTION TO TRANSFER ACTION TO**
13            v.                                      **CENTRAL DISTRICT OF CALIFORNIA**
                                                      **PURSUANT TO 28 U.S.C. § 1404**
14   MCLANE/SUNEAST, INC.,
                                                      (Doc. 7)
15                    Defendant.

16

17

18

19          Plaintiff Luke Fenton ("Plaintiff") filed this action on May 24, 2016, in Merced County

20   Superior Court against Defendant McLane/Suneast, Inc. ("McLane/Suneast") and Dwight

21   Spradley.  On August 3, 2016, Plaintiff filed a first amended complaint omitting Dwight Spradley

22   as a named defendant.  On September 2, 2016, McLane/Suneast filed an answer in the Merced

23   County Superior Court.  Thereafter, on September 6, 2016, McLane/Suneast removed the action

24   to this Court on the basis of diversity. (Doc. 1).  The parties have consented to the jurisdiction of

25   the United States Magistrate Judge.  (Docs. 4, 5).

26          Presently before the Court is McLane/Suneast's motion to transfer this action to the

27   Central District of California pursuant to 28 U.S.C. § 1404.  (Doc. 7).  Plaintiff opposed the

28   motion on January 6, 2017, and McLane/Suneast replied on January 13, 2017.  (Docs. 11, 12).

                                                    1

1   The Court heard oral argument on January 20, 2017.  Counsel Megan George appeared by

2   telephone on behalf of Plaintiff Luke Fenton.  Counsel David Wimmer appeared by telephone on

3   behalf of Defendant McLane/Suneast.

4   Having considered the moving, opposition and reply papers, and the parties' arguments,

5   McLane/Suneast's motion to transfer this action to the Central District of California shall be

6   GRANTED.

7   **I.    Background**

8   Plaintiff, a resident of Merced County, is a former truck driver employed by

9   McLane/Suneast which is headquartered in Texas, but operates throughout California.

10   McLane/Suneast has two distribution centers in California, one in located in Merced known as

11   McLane Pacific, and one located in San Bernadino known as McLane SoCal.   (Doc. 7-1,

12   Declaration of Patricia Hawkins ("Hawkins Decl."), ¶¶ 4).  Plaintiff worked out of the McLane

13   Pacific center in Merced, California.  (*Id.* at ¶ 5).

14   Plaintiff's Allegations

15   In the operative complaint, Plaintiff alleges that he was hired by McLane/Suneast in or

16   around April 2007.  First Amend. Compl.("FAC"), ¶ 9.  In April 2015, Plaintiff injured his back,

17   and was seen in the hospital where he was diagnosed with low back pain with numbness in his

18   left leg.  FAC ¶¶ 10-11.  Plaintiff notified McLane/Suneast of the injury in April 2015, and

19   provided a doctor's note listing his injury.  He was released to return work in late April 2015,

20   with work restrictions that allowed him to do sedentary work with frequent changes in position.

21   FAC ¶¶ 13-15.  McLane/Suneast informed Plaintiff that no sedentary work was available.  FAC ¶

22   15.  On or around June 24, 2015, McLane/Suneast asked Plaintiff to return to work.  Plaintiff

23   worked a 7-hour shift on June 24, 2015, and re-aggravated his injury.  Plaintiff informed his

24   supervisor that the day's route had aggravated his medical condition.  McLane/Suneast assigned

25   Plaintiff another truck driving route on June 25, 2015.  Plaintiff worked a 12-hour shift that day

26   and further aggravated his medical condition.  FAC ¶¶ 17-24.  On June 26, 2015, Plaintiff was

27   diagnosed with back pain, paresthesia, and insomnia, and was placed off work.  Plaintiff also

28   notified McLane/Suneast that he had been placed off work by his physician.  FAC ¶¶ 25-26.  On

2

August 14, 2015, Plaintiff was released to return to work with restrictions from lifting more than 10 pounds.   In August 2015, Plaintiff informed McLane/Suneast that he would work with restrictions, but McLane/Suneast informed him that no modified duty was available.  FAC ¶¶ 29-31.  On October 19, 2015, Plaintiff's employment was terminated.  FAC ¶ 32.  Plaintiff contends that McLane/Suneast failed to discuss any accommodations with him, failed to engage in the interactive process, and terminated him because of his disability.  FAC ¶¶ 33-34.  Plaintiff asserts violations of the Fair Employment and Housing Act ("FEHA"), Cal Gov't Code § 12900, *et seq.*, violations of the California Family Rights Act ("CFRA"), Cal. Gov't Code § 12945.2, and wrongful termination in violation of public policy.

<u>Action Pending in the Central District of California</u>[1]

On April 19, 2016, prior to instituting the present action, Plaintiff filed a class action complaint in San Bernadino County against McLane/Suneast ("*Fenton* Class Action").  (Doc. 8, Ex. A to Request for Judicial Notice ("RJN")).   McLane/Suneast removed the matter to the Central District of California on June 3, 2016, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d).  (*Id.*)  Following removal, Plaintiff filed a first amended complaint (Doc. 8, Ex. B to RJN).  McLane/Suneast moved to dismiss or strike the first amended complaint, which was granted in part and denied in part.  (Doc. 8, Exs. C, D to RJN).  Plaintiff then filed the operative second amended complaint, which alleges the following claims:  (1) failure to pay wages in violation of California Labor Code ("Labor Code") §§ 216, 1194, 1194.2 and 1197; (2) failure to provide meal and rest periods, in violation of Labor Code §§ 226.7 and 512; (3) failure

---

[1]      In support of the motion to transfer, McLane/Suneast filed a request for judicial notice of court records in *Fenton v. McLane/Suneast, Inc., et al.*, 5:16-cv-01162-SVW-SP.  These records include the Complaint, Notice of Removal, First Amended Complaint, McLane/Suneast's Motion to Dismiss and/or Strike Plaintiff's First Amended Complaint, Order Granting In Part and Denying In Part Defendant McLane/Suneast's Motion to Dismiss Amended Complaint issued on August 22, 2016, Plaintiff's Second Amended Complaint, McLane/Suneast's Answer to Plaintiff's Second Amended Complaint, and Notice of Assignment of Eastern Division Removal Case to District Judge Stephen V. Wilson.  (Exhibits A-G to Request for Judicial Notice).  Plaintiff did not oppose the request, and a court may properly take judicial notice of court records in other cases.  Fed. R. Evid. 201; *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (court may take judicial notice of its own records and the records in other cases).  Accordingly, McLane/Suneast's request for judicial notice (Doc. 8) is HEREBY GRANTED.

1    to pay for required and necessary expenditures, in violation of Labor Code § 2802; (4) failure to

2    provide accurate wage statements, in violation of Labor Code § 226; (5) failure to pay waiting

3    time penalties in violation of Labor Code § 203; (6) Unfair Business Practices, in violation of

4    Business and Professions Code § 17200, et seq.; and (7) violation of the Private Attorneys

5    General Act of 2004, Cal. Lab. Code § 2698, et seq. (Doc. 8, Ex. E to RJN).   According to

6    Plaintiff, the *Fenton* Class Action is no longer a class action case, and has been amended to

7    pursue only Plaintiff's individual wage/hour claims against McLane/Suneast.  (Doc. 11 at 5).

8         All counsel in the present action also represent their respective clients in the *Fenton* Class

9    Action.

10        **II.      Motion to Transfer**

11        By the instant motion, McLane/Suneast contends that this disability discrimination action

12   should be transferred to the Central District of California, where the *Fenton* Class Action is

13   pending, for the convenience of the parties and witnesses and in the interests of justice pursuant to

14   28 U.S.C. § 1404.  Plaintiff counters that transfer is not appropriate in light of the specific venue

15   provisions of FEHA, and because transfer is convenient only for McLane/Suneast and its counsel.

16   McLane/Suneast replies that the FEHA venue provisions do not control, and the relevant section

17   1404 factors favor transfer.

18        **A.      Legal Standard**

19        Change of venue is authorized under 28 U.S.C. § 1404(a), which provides, "[f]or the

20   convenience of parties and witnesses, in the interest of justice, a district court may transfer any

21   civil action to any other district or division where it might have been brought."  The purpose of 28

22   U.S.C. § 1404(a) "is to prevent the waste 'of time, energy and money' and 'to protect litigants,

23   witnesses, and the public against unnecessary inconvenience and expense ...' " *Van Dusen v.*

24   *Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805 (1964) (citation omitted).

25        An action may be transferred to another court if: (1) that court is one where the action

26   might have been brought; (2) the transfer serves the convenience of the parties and witnesses; and

27   (3) the transfer will promote the interests of justice. *E & J Gallo Winery v. F. & P. S.p.A.*, 899

28   F.Supp. 465, 466 (E.D. Cal. 1994) (citing 28 U.S.C. § 1404(a)).  The Ninth Circuit has identified

additional factors that a court may consider when deciding a motion to transfer venue, including:

> (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and, (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). A court also may consider "the administrative difficulties flowing from court congestion . . . [and] the 'local interest in having localized controversies decided at home.'" *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6 (1981)).

A plaintiff's choice of forum is accorded substantial weight in proceedings under 28 U.S.C. § 1404(a), and the burden is upon the moving party to show that transfer is appropriate. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). Nevertheless, a district court has broad discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Jones*, 211 F.3d at 498 (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

### B.    Discussion

The Court finds that McLane/Suneast has met its burden to show that transfer is appropriate. As an initial matter, McLane/Suneast has demonstrated that this diversity action could have been brought in the Central District of California. *See* 28 U.S.C. § 1404(a). "A civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). A defendant resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect the civil action in question." 28 U.S.C. § 1391(c). In a state with multiple judicial districts, like California, a corporation is "deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that

district were a separate State." 28 U.S.C. § 1391(d). Here, there is no apparent dispute that McLane/Suneast would be subject to personal jurisdiction in the Central District of California. McLane/Suneast has a Southern California distribution center based in San Bernadino, and conducts significant business in the Central District of California. *See* Hawkins Decl., ¶¶ 3-4.

Instead, Plaintiff argues that this action could not have been brought in the Central District of California because the FEHA venue provisions, which provide for venue in any county in the state in which the unlawful practice is alleged to have been committed, in the county in where the records relevant to such practice are maintained and administered, or in the county in which aggrieved person would have worked, control in this action. *See* Cal. Gov't Code § 12965(b). It is not disputed that the venue provisions of FEHA prevail over the *general state law* on venue provisions. *Brown v. Superior Court*, 37 Cal.3d 477, 486-88 (1984) (emphasis added). However, when considering motions to transfer venue in FEHA actions pursuant to section 1404, federal courts look to the federal venue statute set forth in 28 U.S.C. § 1391. *See*, *e.g.*, *Rosholm v. Byb Brands, Inc.*, 2016 WL 1445592, at *2 (C.D. Cal. Feb. 22, 2016) (on motion to transfer venue under 1404(a), court applied section 1391 to determine where venue appropriate in FEHA action); *Valenzuela v. Sol Group Marketing Co.*, 2015 WL 653086, at *3 (C.D. Cal. Jan. 30, 2015) (same). Therefore, Plaintiff's argument regarding where this action could have been brought is not persuasive.

In addition to the fact that this action could have been brought in the Central District of California, the Court finds that the remaining section 1404(a) factors weigh in favor of transfer. As neither party alleges the existence of a relevant agreement concerning this action, this factor does not favor any party. Further, as both the Eastern District of California and the Central District of California are familiar with California law governing the FEHA claims in this action, this factor does not favor any party.

Although a plaintiff's choice of forum ordinarily merits substantial weight, the Court finds that this factor does not weigh in favor of Plaintiff in this case because he chose to bring a separate action against the same defendant in the Central District of California. However, this factor is offset by the parties' contacts with this forum in relation to Plaintiff's FEHA claims,

1    which are substantial.  Plaintiff is a resident of this district, and he worked for McLane/Suneast

2    out of its McLane Pacific distribution center, which is also located in this district and is one of

3    only two distribution centers that McLane/Suneast operates in California.  (Hawkins Decl. ¶¶ 4,

4    5).  More importantly, the events alleged in this action took place in Merced County.  Thus, the

5    contacts of the parties to this forum weigh against transfer.

6         Additionally, the convenience of witnesses, which is "often recognized as the most

7    important factor," also weighs against transfer. *Metz v. United States Life Ins. Co.*, 674 F.Supp.2d

8    1141, 1147 (C.D. Cal. 2009).   According to the parties, there are three potential non-party

9    witnesses in this action:   (1) Dwight Spradley, a current dispatcher and Plaintiff's former

10   supervisor; (2) Dan Hodge, a former H.R. supervisor for McLane/Suneast; and (3) Dr. Peter

11   Wong, Plaintiff's Merced-based doctor who treated him for his alleged disability.  (Doc. 7 at 9-

12   10).  There is no dispute that all of these witnesses are located in or reside in this district.

13   McLane/Suneast believes that the convenience and concerns of the non-party witnesses do not

14   impact the convenience analysis for purposes of transfer because both Mr. Hodge and Dr. Wong

15   would have to be deposed within 100 miles of their residence.  Fed. R. Civ. P. 45.  While correct,

16   McLane/Suneast overlooks the convenience of these witnesses in relation to the trial location.  If

17   the matter is transferred, all witnesses would have to travel to the Central District of California.

18   Thus, this factor disfavors transfer.  However, because all the anticipated witnesses reside in

19   California and would be subject to the subpoena power of both courts, this additional factor does

20   not favor any party.

21        With regard to the convenience of the parties and the differences in the costs of litigation

22   in the two forums, the Court finds that these factors weigh in favor of transfer due primarily to the

23   location of counsel in the Central District of California.  The location of counsel is a proper

24   consideration in determining whether the transferor or proposed transferee court is the most

25   convenient forum.  *See*, *e.g.*, *Fraser v. Genesco, Inc.*, 2011 WL 4566312, at *3 (E.D. Cal. Sept.

26   29, 2011).  Here, counsel for both parties is located in the Central District of California, and the

27   potential for both of Plaintiff's actions to proceed in a single district would prevent all persons

28   involved from having to travel to multiple venues within California.  *Id.*  Additionally, travel to

1  and from the Central District of California, which is served by three major airports, is more

2  convenient for travel for any corporate representatives travelling to California for purposes of any

3  mediation or trial.  *Id.*

4       As to the ease of access to sources of proof, this factor does not favor any party.

5  McLane/Suneast represents that all of Plaintiff's employment records are available in electronic

6  format.  Given the electronic availability of evidence, this factor is neutral.  *Hansell v. TracFone*

7  *Wireless, Inc.*, 2013 WL 6155618, at *4 (N.D. Cal. Nov. 22, 2013) ("When the evidence is in

8  electronic form, this factor is neutral or carries minimal weight.").

9       In connection with the administrative difficulties flowing from court congestion,

10  McLane/Suneast has presented evidence that parties generally reach a faster resolution of their

11  cases and will be granted a much speedier trial in the Central District of California rather than the

12  Eastern District of California.  (Doc. 7 at 20).  The Court finds that this factor weighs in favor of

13  transfer.

14       As to the final factor regarding local interest in having localized controversies decided at

15  home, the Court finds that this factor generally weighs against transfer.   However, as

16  McLane/Suneast points out, its business operations are located in both the Central District of

17  California and the Eastern District of California.   Therefore, the alleged conduct of

18  McLane/Suneast may implicate business practices in both forums.

19       **III.   Conclusion and Order**

20       The Court finds that the relevant factors weigh in favor of transfer of this action to the

21  Central District of California.  Accordingly, it is HEREBY ORDERED as follows:

22       1.  Defendant McLane/Suneast's motion to transfer is GRANTED; and

23       2.  This action is transferred to the Central District of California.

24
25  IT IS SO ORDERED.

26  Dated:  __**January 20, 2017**__          ____/s/ *Barbara A. McAuliffe*____

27                                      UNITED STATES MAGISTRATE JUDGE

28